UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donna J. Todd, ) | |
| ) | C/A No.: 3:12-cv-01960-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before this Court for review of United States Magistrate Judge Joseph R. McCrorey's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) DSC, and issued on October 2, 2013. ECF No. 21. Donna J. Todd ("Plaintiff") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Defendant, Commissioner of Social Security ('the Commissioner"), to deny Plaintiff's claims for Disability Insurance Benefits ("DIB"). ECF No. 1. The Magistrate Judge recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g), and that this matter be remanded to the Commissioner for further administrative proceedings "to properly consider Plaintiff's combination of impairments, to determine her [Residual Functioning Capacity] in light of all of the evidence, to continue the sequential evaluation process including obtaining [Vocational Expert] testimony if necessary, and to take into consideration Plaintiff's remaining allegations of error." ECF No. 21 at 13 (alteration in original).

## Background

Plaintiff filed an application for DIB and Supplemental Security Income ("SSI") on August 25, 2008, alleging disability as of August 10, 2008. ECF No. 16. The Commissioner denied her application for DIB on October 17, 2008 and denied her application for SSI on September 11, 2008. *Id.* Plaintiff filed another application for DIB on June 12, 2009 claiming that "metatarsal fractures with delayed healing/arthritis, fibromyalgia, joint pain, shortness of breath, depression, and bilateral shoulder tendinopathy" left her disabled since August 7, 2008. ECF No. 21. This claim was denied on October 23, 2009 and again upon reconsideration on May 28, 2010. ECF No. 16. Following a hearing on June 16, 2011, the administrative law judge ("ALJ") found, on July 29, 2011, that Plaintiff was not disabled and denied the claim. ECF No. 21. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on May 9, 2012. ECF No. 16; *See* 20 C.F.R. § 422.210(a). Plaintiff then filed a civil action in United States District Court for the District of South Carolina on July 13, 2012 seeking judicial review under 42 U.S.C. § 405(g). *See* ECF No. 1.

## Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* "The failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam).

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff has not filed any objections, and Defendant notified this Court on October 21, 2013, that no objections to the Report and Recommendation would be filed by Defendant. ECF No. 26.

## Conclusion

After a thorough review of the record and the Report and Recommendation, this Court finds that the Magistrate Judge's Report and Recommendation is based upon the proper law and applied sound legal principles to the facts of this case.

Accordingly, this Court accepts and adopts the Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is REVERSED, and the case REMANDED for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

November  5 , 2013
Anderson, South Carolina